PAULETTE L. STEWART
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: paulette.stewart@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 14-28-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| BEN WILLARD HUNN, | |
| Defendant. | |

## THE CHARGE

The defendant, BEN WILLARD HUNN, is charged in Count I of the indictment with distribution of Vicodin resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E)(i).

## PLEA AGREEMENT

There is a plea agreement filed in this case. The United States did present any and all formal plea offers to the defendant in writing. *See Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## PENALTIES

The defendant is subject to a maximum punishment of 15 years imprisonment, a $500,000 fine, at least two years supervised release, and a $100 special assessment. At the time of sentencing, the United States will move to dismiss Counts II-XIV of the indictment if the Court accepts the plea agreement. The Defendant also acknowledges and agrees to be responsible for complete restitution.

## ELEMENTS

In order for the defendant to be found guilty of the charge in Count I of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

- First, the Defendant knowingly distributed Vicodin (hydrocodone), a Schedule III controlled substance;

- Second, the Defendant knew that it was Vicodin (hydrocodone) or some other prohibited drug; and

- Third, the death of K.B. resulted from the Defendant's distribution of

Vicodin (hydrocodone) to K.B.

"Distributing" means delivering or transferring possession of a controlled substance to another person, with or without any financial interest in that transaction.

## ANTICIPATED EVIDENCE

If this case was tried in United States District Court, the United States would present the following evidence:

1. Beginning in approximately October 2012 until October 19, 2013, Ben Willard Hunn, a licensed retail pharmacist, distributed controlled, prescription medication to K.B. in Sidney, Montana.   On October 19, 2013, Hunn distributed Vicodin (hydrocodone), soma, ambien, and Xanax to K.B.   Later that night, K.B. died of a drug overdose.

2. The autopsy report listed the probable cause of death as a mixed drug overdose (carisoprodol and meprobamate).   The medical examiner and toxicologists in the case also concluded that the amount of Vicodin (hydrocodone) in K.B.'s system was toxic/fatal by itself. The amount of hydrocodone in K.B.'s system determined to be 1.0 MG/L (milligrams per liter), quantitated in the blood and detected in the urine.   The normal upper range for hydrocodone is .04 - .08 MG/L.   K.B.'s levels were well-outside that upper limit.

3

3. During their investigation, law enforcement interviewed Hunn. Hunn admitted to diverting controlled substances to K.B. and K.B.'s parents from approximately October 2012 until October 19, 2013. Hunn did not know which prescriptions were legitimate and which were not; he simply printed duplicate labels from another prescription and placed it on the prescription bottle and dispensed the controlled substances.   Hunn stated that on October 19, 2013, that he "stocked up the whole family."   On that date, he distributed Vicodin (hydrocodone), soma, ambien, and Xanax to K.B.   K.B. died later the same day.

Respectfully submitted this 11th day of July, 2014.

                              MICHAEL W. COTTER
                              United States Attorney

                              */s/ Paulette L. Stewart*
                              Attorney for Plaintiff